IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NS FUND I LLC,

    Plaintiff,

vs.

SOUTHLAND HEALTH SERVICES
of GEORGIA, INC.,
    et al.,

    Defendants.

Case No. C2-08-126
Judge Edmund A. Sargus, Jr.
Magistrate Judge Norah McCann King

## ORDER

This matter is before the Court for consideration of the Motion for Summary Judgment filed by Plaintiff, NS Fund I LLC ("Plaintiff") and Third-Party Defendant, Neil Johnson ("Johnson") on Plaintiff's Verified Complaint and Defendants' Answer, Counterclaims, and Third-Party Complaint. (Doc. 52) Plaintiff and Johnson move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure against Defendants, Southland Health Services of Georgia, Inc. ("Southland Georgia"), Southland Health Services, Inc., Southland Health Services, LLC, and Larry N. Lunan.[1] For the reasons that follow, the Motion is **GRANTED**.

### I.

The Court draws the following facts from the Plaintiff's Verified Complaint and the Affidavit of Neil Johnson. Although they have been Ordered by the Court to respond, Defendants

---

[1] On October 30, 2008, Defendant Paladin Holdings, Inc. filed a case under Chapter 11 in the United States Bankruptcy Court for the Eastern District of Tennessee. Accordingly, Plaintiff moves for summary judgment against all Defendants except Bad Toys Holding, Inc. *nka* Paladin Holdings, Inc. Unless specifically identified individually, the Court refers to Defendants collectively.

have failed to oppose Plaintiff's Motion.² The Court has thoroughly reviewed the Motion, together with the evidence submitted consistent with Rule 56 of Federal Rules of Civil Procedure, and finds that the Motion is well-taken.

On or about August 10, 2007, Plaintiffs and Defendant, Southland Georgia, executed a Loan Agreement and a Promissory Note in the principal amount of $500,000.00. At the same time, Defendants, Southland Health Services, Inc., Southland Health Services, LLC, Bad Toys Holdings, Inc. and Larry N. Lunan executed a Guaranty of the $500,000 Promissory Note. In exchange for the loan, Defendant, Southland Georgia executed a Borrower Security Agreement and Guarantor's Security Agreement, both of which granted a security interest to Plaintiff in, among other things, accounts, accounts receivable, health care insurance receivables, cash proceeds, and non-cash proceeds. Defendant, Southland Health Services, Inc., also executed a Collateral Pledge and Stock Power Agreement in which it pledged all of its shares in Southland Georgia to Plaintiff.

Paragraph 10 of the Loan Agreement defines events of default by the borrower. Paragraph 11 of the Loan Agreement sets forth the remedies available to Plaintiff in the event of a default. Pursuant to the terms of this provision, in the event of a default, Plaintiff may declare all amounts then outstanding with regard to the Promissory Note to be immediately due and payable.³ Plaintiff

---

² On January 8, 2009, the Court granted counsel for Defendants' Motion to Withdraw as Attorney, and directed Defendants to expedite their responsive briefing to Plaintiff's pending Motion for Summary Judgment. To date, Defendants have not responded to the Motion for Summary Judgment.

³ Under the terms of the Promissory Note, if any amount is not paid within five (5) days after it becomes due, Defendants shall immediately pay to Plaintiff a late fee of $1,500. The note also provides that if any amount payable under the note is not paid within five (5) days after it becomes due, or if any event of default has occurred under the loan agreement, the remaining amounts owed to the

may also exercise any and all legal or equitable rights available to it including, but not limited to, Plaintiff's rights under the Promissory Note, the Guaranty, the warrant, the Borrower's Security Agreement, the stock pledge, or the Guarantor's Security agreement.[4]

The respective Defendants executed the Loan Agreement, Promissory Note and Guaranty. Plaintiff provided $500,000 to Defendants and Defendants pledged all shares of Southland Georgia to Plaintiff.[5] Plaintiff asserts that Defendant defaulted under the Loan Agreement in January, 2008. Plaintiff maintains that it believed, in good faith, that it was insecure, for the reason that Defendants' liability insurance policy had terminated, resulting in the cessation of operations for twenty-one days during the month of January, 2008. Plaintiff also contends that Defendants defaulted because they did not make payments as required. Although Plaintiff acknowledges that it engaged in discussions with Defendants about providing an extension of the Loan Agreement, no such extension was ever executed.

---

Plaintiff shall bear interest at the rate of 26% per annum and that Plaintiff may, at its option, without notice to or demand upon Defendants declare the entire unpaid principal sum under the note to be immediately due and payable, in which event the entire unpaid principal sum shall bear interest at the rate of 26% per annum from the time of the default, ignoring any grace period, until paid.

[4] Section 6 of the Borrower's Security Agreement provides that, upon the occurrence of a default on the Promissory Note, Loan Agreement, or the Security Agreement, Plaintiff may, at its election, declare the entire amount of the indebtedness then outstanding due and payable at once and secured party shall have, in addition to any rights under the security agreement, the rights and remedies of a secured party under the Ohio Uniform Commercial Code.

[5] Pursuant to paragraph 2 of the Collateral Pledge and Stock Power Agreement, Southland Health Services, Inc. irrevocably appointed Plaintiff as its attorney to transfer the stock on the books of the company. The Collateral Pledge Agreement also permits Plaintiff, in the event of a default, the sole right to vote the pledged securities until such default is cured by the guarantor and all amounts owed to Plaintiff have been paid in full, and, entitles Plaintiff to receive any dividends declared by the company after such default.

On February 7, 2008, Plaintiff exercised its right to vote the shares of Southland Georgia, removed the Board of Directors, and elected Johnson as the Sole Director of Southland Georgia. In this capacity, Johnson attempted to obtain information regarding the status of operations and requested turnaround business plans. Defendants, however, refused to provide Johnson any information related to the management of Southland Georgia.

Plaintiff initiated this litigation on February 4, 2008 in the Court of Common Pleas of Franklin County, Ohio. Plaintiff's Verified Complaint seeks damages against Defendants pursuant to the Loan Agreement and guarantees alleging that Defendant, Southland Georgia defaulted. Defendants subsequently removed the matter to this Court. Defendants filed an Answer, Counterclaims, and Third-Party Complaint against Plaintiff and Johnson. Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction. Following a hearing on February 20, 2008, the Court found, based on the evidence submitted at the preliminary hearing, that Defendant Southland Georgia was in default of the Loan Agreement.[6]

Plaintiff asserts that it is entitled to summary judgment because it performed all of its obligations under the agreements, including, but not limited to, providing the $500,000 to Defendants. Plaintiff maintains that Defendants breached the Agreements and are in default. As set forth in the Affidavit of Johnson, as of December 12, 2008, Defendants owe Plaintiff the sum

---

[6] Plaintiff relies on the Court's findings at the preliminary injunction hearing as established for purposes of the instant Motion. "Because of the lesser burden of proof required to support a motion for preliminary injunction as contrasted with a motion for summary judgment, a trial court's disposition of the substantive issues joined on a motion for extraordinary relief is not dispositive of those substantive issues on the merits." *Wilcox v. United States*, 888 F.2d 1111, 1114 (6th Cir. 1989). Accordingly, the Court relies on Plaintiff's submissions of evidence under Rule 56 in arriving at its conclusions that Plaintiff and Johnson are entitled to summary judgment, not its factual findings from the hearing on Plaintiff's application for a preliminary injunction.

of $672,502.61. This amount represents the principal balance due, interest, fees and legal expenses.

## II.

The procedure for considering whether summary judgment is appropriate is set forth in Federal Rule of Civil Procedure 56(c), which provides:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. Kress & Co.*, 398 U.S. 144, 158-59 (1970). Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Matsushita Electronic Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The Court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133 (2000). In responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (quoting *Liberty Lobby*, 477 U.S. at 257).

**III.**

Based on the undisputed facts set forth in the Verified Complaint and Johnson's Affidavit, the Court concludes that Plaintiff, NS Fund and Third-Party Defendant, Neil Johnson, are entitled to summary judgment. As to Counts I and II of the Verified Complaint for breach of contract and a claim for sums due, Plaintiff has established that the Loan Agreement, Promissory Note, Guaranty, and other documents were executed by the respective Defendants. Plaintiff has demonstrated that it performed all of its obligations under the agreement including, but not limited to, providing the $500,000 to Defendant Southland Georgia. Plaintiff has shown that Defendants breached the agreements and are in default. Plaintiff is entitled to judgment in the sum of $672,502.61 as of December 12, 2008.

Likewise, Plaintiff is entitled to judgment as to Count III of the Verified Complaint against Defendants, Southland Health Services, Inc., Southland Health Services, LLC, and Larry N. Lunan pursuant to their guarantees of the Promissory Note. Because of the default under the Loan Agreement and because Defendant, Southland Georgia's failure to pay the amount owed, to Plaintiff, Plaintiff is entitled to judgment as a matter of law against the Defendant-guarantors. Pursuant to Johnson's Affidavit, the guarantors owe to Plaintiff, jointly and severally, the amount of $672,502.61 as of December 12, 2008.[7]

Moreover, Defendants have produced no evidence to support their claims against Plaintiff and Neil Johnson as alleged in their Counterclaims and Third-Party Complaint. In Count I of their Counterclaim and Third-Party Complaint, Defendants assert that Plaintiff and Johnson defrauded

---

[7] In light of their contract-based claims, Plaintiff no longer seeks judgment under a theory of unjust enrichment as set forth in Counts IV.

Defendants. Defendants, however, fail to provide any evidence of actionable misrepresentations, and have otherwise failed to support their claim of fraudulent misrepresentation. Plaintiff and Johnson are also entitled to judgment as a matter of law on Counts II and III of the Counterclaim and Third-Party Complaint because Defendants have failed to adduce any evidence to support their claims of civil conspiracy or aiding and abetting. Similarly, as to Count IV and V for breach of contract and breach of the covenant of good faith and fair dealing, Plaintiff and Johnson are entitled to judgment as a matter of law because there is no evidence in the record from which this Court could find that Plaintiff breached a contract. Plaintiff and Johnson are likewise entitled to judgment on Count VI for negligence because Defendants have failed to support this allegation with evidence. Finally, summary judgment for Plaintiff and Johnson is appropriate on Count VII for breach of fiduciary duty, Count VIII for a violation of Ohio's Deceptive Trade Practices Act, Count IX for tortious interference with a contractual relationship, and Count X for punitive damages as Defendants failed to make any evidentiary showing to establish these claims.

## IV.

For the foregoing reasons, the Motion for Summary Judgment filed by Plaintiff, NS Fund I LLC and Third-Party Defendant, Neil Johnson on Plaintiff's Verified Complaint and Defendants' Answer, Counterclaims, and Third-Party Complaint (Doc. 52) is **GRANTED**. The Clerk is **DIRECTED** to enter judgment against Defendants, in favor of Plaintiff, NS Fund and Third-Party Defendant Neil Johnson, and terminate this case.

**IT IS SO ORDERED.**

2-5-2009
DATED

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE